ORIGINAL

1 THOMAS E. FRANKOVICH,
**A Professional Law Corporation**
2 THOMAS E. FRANKOVICH (State Bar No. 074414)
4328 Redwood Hwy., Suite 300
3 San Rafael, CA 94903
Telephone:    415/674-8600
4 Facsimile:    415/674-9900

5 Attorneys for Plaintiff
CRAIG YATES, an individual
6

E-filing

7 **UNITED STATES DISTRICT COURT**

8 **NORTHERN DISTRICT OF CALIFORNIA**

9

10 CRAIG YATES, an individual,       ) CASE NO. **CV 10 2485**
                                     ) Civil Rights
11        Plaintiff,                 )
                                     ) **COMPLAINT FOR INJUNCTIVE RELIEF**
12 v.                                ) **AND DAMAGES:**
                                     )
13 GORDO TAQUERIA # 1, INC.; and DON ) **1st CAUSE OF ACTION:** For Denial of Access
WONG and MAR SHEE WONG, as          ) by a Public Accommodation in Violation of the
14 Trustees of the WAHONG BILL WONG  ) Americans with Disabilities Act of 1990 (42
BYPASS TRUST, under Declaration of  ) U.S.C. §12101, *et seq.*)
15 Trust dated June 20, 1997,        )
                                     ) **2nd CAUSE OF ACTION:** For Denial of Full
16        Defendants.                ) and Equal Access in Violation of California
                                     ) Civil Code §§54, 54.1 and 54.3
17 _____)
                                       **3rd CAUSE OF ACTION:** For Denial of
18                                     Access to Full and Equal Accommodations,
                                       Advantages, Facilities, Privileges and/or
19                                     Services in Violation of California Civil Code
                                       §51, *et seq.* (The Unruh Civil Rights Act)
20

21

22                                     **DEMAND FOR JURY**

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1   Plaintiff CRAIG YATES, an individual, complains of defendants GORDO TAQUERIA
2   # 1, INC.; and DON WONG and MAR SHEE WONG, as Trustees of the WAHONG BILL
3   WONG BYPASS TRUST, under Declaration of Trust dated June 20, 1997 and alleges as
4   follows:

5   **INTRODUCTION:**

6   1.   This is a civil rights action for discrimination against persons with physical
7   disabilities, of which class plaintiff CRAIG YATES and the disability community are members,
8   for failure to remove architectural barriers structural in nature at defendants' GORDO'S
9   TAQUERIA, a place of public accommodation, thereby discriminatorily denying plaintiff and the
10  class of other similarly situated persons with physical disabilities access to, the full and equal
11  enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and
12  accommodations thereof. Plaintiff seeks injunctive relief and damages pursuant to the
13  Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51,
14  51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

15  2.   Plaintiff CRAIG YATES is a person with physical disabilities who, on or about
16  March 24, 2010, April 17, 2010, May 1, 2010 and May 6, 2010, was an invitee, guest, patron,
17  customer at defendants' GORDO'S TAQUERIA, in the City of San Francisco, California. At
18  said times and place, defendants failed to provide proper legal access to the taqueria, which is a
19  "public accommodation" and/or a "public facility" including, but not limited to the entrance.
20  The denial of access was in violation of both federal and California legal requirements, and
21  plaintiff CRAIG YATES suffered violation of his civil rights to full and equal access, and was
22  embarrassed and humiliated.

23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

2

1 **JURISDICTION AND VENUE:**

2     3.    **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C.

3 §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

4 Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same

5 nucleus of operative facts and arising out of the same transactions, are also brought under parallel

6 California law, whose goals are closely tied with the ADA, including but not limited to violations

7 of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*

8 *seq.*, including §19959; Title 24 California Building Standards Code.

9     4.    **Venue:**   Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is

10 founded on the facts that the real property which is the subject of this action is located at/near

11 2252 Clement Street, in the City and County of San Francisco, State of California, and that

12 plaintiff's causes of action arose in this county.

13 **PARTIES:**

14     5.    Plaintiff CRAIG YATES is a "physically handicapped person", a "physically

15 disabled person", and a "person with physical disabilities" (hereinafter the terms "physically

16 disabled", "physically handicapped" and "person with physical disabilities" are used

17 interchangeably, as these words have similar or identical common usage and legal meaning, but

18 the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically

19 handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other

20 statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff

21 CRAIG YATES is a "person with physical disabilities", as defined by all applicable California

22 and United States laws. Plaintiff is a triplegic. Plaintiff CRAIG YATES requires the use of a

23 wheelchair to travel about in public. Consequently, plaintiff CRAIG YATES is a member of that

24 portion of the public whose rights are protected by the provisions of Health & Safety Code

25 §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped

26 Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the

27 Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C.

28 §12101, *et seq.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    6.    Defendants GORDO TAQUERIA # 1, INC.; and DON WONG and MAR SHEE

2  WONG, as Trustees of the WAHONG BILL WONG BYPASS TRUST, under Declaration of

3  Trust dated June 20, 1997 (hereinafter alternatively collectively referred to as "defendants") are

4  the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees,

5  of the public accommodation known as GORDO'S TAQUERIA, located at/near 2252 Clement

6  Street, San Francisco, California, or of the building and/or buildings which constitute said public

7  accommodation.

8    7.    At all times relevant to this complaint, defendants GORDO TAQUERIA # 1,

9  INC.; and DON WONG and MAR SHEE WONG, as Trustees of the WAHONG BILL WONG

10  BYPASS TRUST, under Declaration of Trust dated June 20, 1997, own and operate in joint

11  venture the subject GORDO'S TAQUERIA as a public accommodation. This business is open

12  to the general public and conducts business therein. The business is a "public accommodation"

13  or "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et*

14  *seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

15    8.    At all times relevant to this complaint, defendants GORDO TAQUERIA # 1,

16  INC.; and DON WONG and MAR SHEE WONG, as Trustees of the WAHONG BILL WONG

17  BYPASS TRUST, under Declaration of Trust dated June 20, 1997 are jointly and severally

18  responsible to identify and remove architectural barriers at the subject GORDO'S TAQUERIA

19  pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent

20  part:

21    **§ 36.201    General**

22                (b) *Landlord and tenant responsibilities.* Both the landlord
               who owns the building that houses a place of public
23             accommodation and the tenant who owns or operates the place of
               public accommodation are public accommodations subject to the
24             requirements of this part. As between the parties, allocation of
               responsibility for complying with the obligations of this part may
25             be determined by lease or other contract.

26             28 CFR §36.201(b)

27  ///

28  ///

1 **PRELIMINARY FACTUAL ALLEGATIONS:**

2      9.      The GORDO TAQUERIA, is a restaurant, located at/near 2252 Clement Street,

3  San Francisco, California. The taqueria, its entrance, and its other facilities are each a "place of

4  public accommodation or facility" subject to the barrier removal requirements of the Americans

5  with Disabilities Act. On information and belief, each such facility has, since July 1, 1970,

6  undergone "alterations, structural repairs and additions," each of which has subjected the taqueria

7  and each of its facilities, its entrance to disability access requirements per the Americans with

8  Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the California Code of

9  regulations (Title 24).

10      10.      On or about June 20, 1997, defendants' and each of them purchased and/or

11  took possessory control of the premises now known as GORDO TAQUERIA. At all times prior

12  thereto, defendants' and each of them were aware of their obligation prior to the close of escrow,

13  or upon taking possessory interest that public accommodations had a duty to identify and remove

14  architectural barriers and were aware that the taqueria was not accessible to the disabled.

15  Nevertheless, defendants' and each of them, operated said taqueria as though it was accessible.

16      11.      At all times stated herein, defendants' and each of them with the knowledge that

17  each of them had a continuing obligation to identify and remove architectural barriers where it

18  was readily achievable to do so, failed to adopt a transition plan to provide better and/or

19  compliant access to the subject accommodation.

20      12.      At all times referred to herein and continuing to the present time, defendants, and

21  each of them, advertised, publicized and held out the GORDO'S TAQUERIA as being

22  handicapped accessible and handicapped usable.

23      13.      On or about March 24, 2010, April 17, 2010, May 1, 2010 and May 6, 2010,

24  plaintiff CRAIG YATES was an invitee and guest at the subject GORDO TAQUERIA, for

25  purposes of having food and beverage.

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

5

1    14.    On or about March 24, 2010, April 17, 2010, May 1, 2010 and May 6, 2010,

2  plaintiff CRAIG YATES power wheeled to GORDO'S TAQUERIA. Plaintiff CRAIG YATES

3  could not gain access because the floor level of the taqueria was approximately six (6) inches

4  above the sidewalk creating a "step."

5    15.    On or about March 24, 2010, plaintiff CRAIG YATES power wheeled to

6  GORDO'S TAQUERIA. As plaintiff CRAIG YATES could not gain access due to the step and

7  as there was no buzzer to call for assistance, plaintiff CRAIG YATES was compelled to use his

8  keys to tap on the entry door to gain the attention of an employee. The employee came out to the

9  sidewalk and took plaintiff CRAIG YATES order.

10    16.    On or about April 21, 2010, plaintiff CRAIG YATES wrote both the landlord and

11  the tenant concerning the access issue. Plaintiff CRAIG YATES suggested a number of

12  solutions:

13        •    curb cut entry;

14        •    alternative entrance;

15        •    portable ramp;

16        •    buzzer; and

17        •    assistance signage.

18  Plaintiff CRAIG YATES also provided the name and phone number of Prairie Industries, which

19  sells portable ramps. Plaintiff CRAIG YATES never received a response.

20    17.    On or about April 17, 2010, May 1, 2010 and May 6, 2010, plaintiff CRAIG

21  YATES returned to GORDO TAQUERIA. Plaintiff CRAIG YATES as on his previous

22  occasion, had to wait patiently until an employee saw him or a patron informed an employee of

23  GORDO TAQUERIA that he, (plaintiff CRAIG YATES) was outside and needed service.

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6

1    18.    Therefore, at said times and place, plaintiff CRAIG YATES, a person with a

2    disability, encountered the following inaccessible elements of the subject GORDO TAQUERIA

3    which constituted architectural barriers and a denial of the proper and legally-required access to a

4    public accommodation to persons with physical disabilities including, but not limited to:

5         a.    lack of directional signage to show accessible routes of travel, i.e.,
               entrances;

6         b.    lack of an accessible entrance due to a six (6) inch step;

7
          c.    lack of a compliant portable ramp;

8
          d.    lack of assistance signage and buzzer; and

9
          e.    On personal knowledge, information and belief, other public facilities and
10             elements too numerous to list were improperly inaccessible for use by
               persons with physical disabilities.
11

12    19.    At all times stated herein, the existence of architectural barriers at defendants'

13    place of public accommodation evidenced "actual notice" of defendants' intent not to comply

14    with the Americans with April 21, 2010, defendant(s) were sent two (2) letters by or on behalf of

15    plaintiff CRAIG YATES advising of their need to take immediate action to remove architectural

16    barriers and requesting a written response upon receipt of his letter, promising to immediately

17    remove the barriers and providing a date when that would be accomplished. Said letters are

18    attached hereto collectively as exhibit "A" and incorporated by reference as though fully set forth

19    herein. Defendants' failure to respond evidenced an intent not to seek or engage in an early and

20    reasonable resolution of the matter.

21    20.    As a legal result of defendants GORDO TAQUERIA # 1, INC.; and DON WONG

22    and MAR SHEE WONG, as Trustees of the WAHONG BILL WONG BYPASS TRUST, under

23    Declaration of Trust dated June 20, 1997's failure to act as a reasonable and prudent public

24    accommodation in identifying, removing or creating architectural barriers, policies, practices and

25    procedures that denied access to plaintiff and other persons with disabilities, plaintiff suffered

26    the damages as alleged herein.

27    ///

28    ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

7

21.     As a further legal result of the actions and failure to act of defendants, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, plaintiff was denied his civil rights to full and equal access to public facilities. Plaintiff CRAIG YATES suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities.

22.     Defendants', and each of their, failure to remove the architectural barriers complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

23.     Plaintiff CRAIG YATES was denied his rights to equal access to a public facility by defendants GORDO TAQUERIA # 1, INC.; and DON WONG and MAR SHEE WONG, as Trustees of the WAHONG BILL WONG BYPASS TRUST, under Declaration of Trust dated June 20, 1997, because defendants GORDO TAQUERIA # 1, INC.; and DON WONG and MAR SHEE WONG, as Trustees of the WAHONG BILL WONG BYPASS TRUST, under Declaration of Trust dated June 20, 1997 maintained a taqueria without access for persons with physical disabilities to its facilities, including but not limited to the entrance, and other public areas as stated herein, and continue to the date of filing this complaint to deny equal access to plaintiff and other persons with physical disabilities in these and other ways.

24.     On information and belief, construction alterations carried out by defendants have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

25.     Plaintiff, as described hereinbelow, seeks injunctive relief to require the GORDO TAQUERIA to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the subject taqueria as a public facility.

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

26.     Plaintiff seeks damages for violation of their civil rights on March 24, 2010,
April 17, 2010, May 1, 2010 and May 6, 2010 and seeks statutory damages of not less than
$4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for
each day after his visit that the trier of fact (court/jury) determines was the date that some or all
remedial work should have been completed under the standard that the landlord and tenant had
an ongoing duty to identify and remove architectural barriers where it was readily achievable to
do so, which deterred plaintiff CRAIG YATES from returning to the subject public
accommodation because of his knowledge and/or belief that neither some or all architectural
barriers had been removed and that said premises remains inaccessible to persons with
disabilities whether a wheelchair user or otherwise.

27.     On information and belief, defendants have been negligent in their affirmative
duty to identify the architectural barriers complained of herein and negligent in the removal of
some or all of said barriers.

28.     Because of defendants' violations, plaintiff and other persons with physical
disabilities are unable to use public facilities such as those owned and operated by defendants on
a "full and equal" basis unless such facility is in compliance with the provisions of the
Americans with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et
seq.* and other accessibility law as plead herein.  Plaintiff seeks an order from this court
compelling defendants to make the GORDO TAQUERIA accessible to persons with disabilities.

///
///
///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    29.    On information and belief, defendants have intentionally undertaken to modify
2 and alter existing building(s), and have failed to make them comply with accessibility
3 requirements under the requirements of ADAAG and Title 24. The acts and omission of
4 defendants, and each of them, in failing to provide the required accessible public facilities at the
5 time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiff, and
6 despicable conduct carried out by defendants, and each of them, with a willful and conscious
7 disregard for the rights and safety of plaintiff and other similarly situated persons, and justify a
8 trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more
9 profound example of defendants, and each of them, to other operators and landlords of other
10 taquerias, fast food restaurants and other public facilities, and to punish defendants and to carry
11 out the purposes of the Civil Code §§ 51, 51.5 and 54.

12    30.    Plaintiff is informed and believes and therefore alleges that defendants GORDO
13 TAQUERIA # 1, INC.; and DON WONG and MAR SHEE WONG, as Trustees of the
14 WAHONG BILL WONG BYPASS TRUST, under Declaration of Trust dated June 20, 1997,
15 and each of them, caused the subject building(s) which constitute the GORDO TAQUERIA to be
16 constructed, altered and maintained in such a manner that persons with physical disabilities were
17 denied full and equal access to, within and throughout said building(s) of the subject restaurant
18 and were denied full and equal use of said public facilities. Furthermore, on information and
19 belief, defendants have continued to maintain and operate said taqueria and/or its building(s) in
20 such conditions up to the present time, despite actual and constructive notice to such defendants
21 that the configuration of GORDO'S and/or its building(s) is in violation of the civil rights of
22 persons with physical disabilities, such as plaintiff CRAIG YATES, and other members of the
23 disability community. Such construction, modification, ownership, operation, maintenance and
24 practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and
25 Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

26 ///
27 ///
28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

10

31.     On personal knowledge, information and belief, the basis of defendants' actual
and constructive notice that the physical configuration of the facilities including, but not limited
to, architectural barriers constituting the GORDO TAQUERIA and/or building(s) was in
violation of the civil rights of persons with physical disabilities, such as plaintiff, includes, but is
not limited to, communications with invitees and guests, plaintiff CRAIG YATES himself,
owners of other restaurants, hotels, motels and businesses, notices they obtained from
governmental agencies upon modification, improvement, or substantial repair of the subject
premises and other properties owned by these defendants, newspaper articles and trade
publications regarding the Americans with Disabilities Act of 1990 and other access laws, public
service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000,
and other similar information.  Defendants' failure, under state and federal law, to make the
GORDO TAQUERIA accessible is further evidence of defendants' conscious disregard for the
rights of plaintiff and other similarly situated persons with disabilities.  Despite being informed
of such effect on plaintiff and other persons with physical disabilities due to the lack of
accessible facilities, defendants, and each of them, knowingly and willfully refused to take any
steps to rectify the situation and to provide full and equal access for plaintiff and other persons
with physical disabilities to the subject taqueria.  Said defendants, and each of them, have
continued such practices, in conscious disregard for the rights of plaintiff and other persons with
physical disabilities, up to the date of filing of this complaint, and continuing thereon.
Defendants had further actual knowledge of the architectural barriers referred to herein by virtue
of the demand letter addressed to the defendants and served concurrently with the summons and
complaint.  Said conduct, with knowledge of the effect it was and is having on plaintiff and other
persons with physical disabilities, constitutes despicable conduct in conscious disregard of the
rights and safety of plaintiff and of other similarly situated persons, justifying the imposition of
treble damages per Civil Code §§52 and 54.3.

32.     Plaintiff CRAIG YATES and the disability community, consisting of persons with
disabilities, would, could and will return to the subject public accommodation when it is made
accessible to persons with disabilities.

**I. FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiff CRAIG YATES, an individual and Against Defendants GORDO TAQUERIA # 1, INC.; and DON WONG and MAR SHEE WONG, as Trustees of the WAHONG BILL WONG BYPASS TRUST, under Declaration of Trust dated June 20, 1997, inclusive)
(42 U.S.C. §12101, *et seq.*)

33.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

the allegations contained in paragraphs 1 through 32 of this complaint.

34.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

§12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

35.     Congress stated as its purpose in passing the Americans with Disabilities Act of

1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

36.   As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

> (7)   PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
>
> ---
>
> (B) a restaurant, bar or other establishment serving food or drink.
>
> 42 U.S.C. §12181(7)(B)

37.   Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

///

///

///

///

///

///

///

///

///

///

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    38.    The specific prohibitions against discrimination set forth in §302(b)(2)(a),

2    42 U.S.C. §12182(b)(2)(a) are:

3              (I)    the imposition or application of eligibility criteria
         that screen out or tend to screen out an individual with a disability
4        or any class of individuals with disabilities from fully and equally
         enjoying any goods, services, facilities, privileges, advantages, or
5        accommodations, unless such criteria can be shown to be necessary
         for the provision of the goods, services, facilities, privileges,
6        advantages, or accommodations being offered;

7              (ii)    a failure to make reasonable modifications in
         policies, practices, or procedures, when such modifications are
8        necessary to afford such goods, services, facilities, privileges,
         advantages or accommodations to individuals with disabilities,
9        unless the entity can demonstrate that making such modifications
         would fundamentally alter the nature of such goods, services,
10       facilities, privileges, advantages, or accommodations;

11             (iii)    a failure to take such steps as may be necessary to
         ensure that no individual with a disability is excluded, denied
12       services, segregated or otherwise treated differently than other
         individuals because of the absence of auxiliary aids and services,
13       unless the entity can demonstrate that taking such steps would
         fundamentally alter the nature of the good, service, facility,
14       privilege, advantage, or accommodation being offered or would
         result in an undue burden;

15             (iv)    a failure to remove architectural barriers, and
16       communication barriers that are structural in nature, in existing
         facilities . . . where such removal is readily achievable; and

17
               (v)    where an entity can demonstrate that the removal of
18       a barrier under clause (iv) is not readily achievable, a failure to
         make such goods, services, facilities, privileges, advantages or
19       accommodations available through alternative methods if such
         methods are readily achievable.

20

21   The acts of defendants set forth herein were a violation of plaintiff's rights under the ADA,

22   Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* -

23   Effective January 31, 1993, the standards of the ADA were also incorporated into California

24   Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and

25   52(a) and 54.3.

26   ///

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

14

1    39.    The removal of the barriers complained of by plaintiff as hereinabove alleged

2    were at all times after January 26, 1992 "readily achievable" as to the subject building(s) of

3    GORDO'S TAQUERIA pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and

4    belief, if the removal of all the barriers complained of herein together was not "readily

5    achievable," the removal of each individual barrier complained of herein was "readily

6    achievable." On information and belief, defendants' failure to remove said barriers was likewise

7    due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C.

8    §12182 (b)(2)(A)(i)and (ii).

9    40.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily

10   accomplishable and able to be carried out without much difficulty or expense." The statute

11   defines relative "expense" in part in relation to the total financial resources of the entities

12   involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that

13   plaintiff complains of herein were and are "readily achievable" by the defendants under the

14   standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was

15   not "readily achievable" for defendants to remove each of such barriers, defendants have failed to

16   make the required services available through alternative methods which were readily achievable.

17   41.    On information and belief, construction work on, and modifications of, the subject

18   building(s) of GORDO TAQUERIA occurred after the compliance date for the Americans with

19   Disabilities Act, January 26, 1992, independently triggering access requirements under Title III

20   of the ADA.

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1   42.   Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*

2   *seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights

3   Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis

4   of disability in violation of this title or have reasonable grounds for believing that plaintiff is

5   about to be subjected to discrimination in violation of §302. Plaintiff is deterred from returning

6   to or making use of the public facilities complained of herein so long as the premises and

7   defendants' policies bar full and equal use by persons with physical disabilities.

8   43.   42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with

9   a disability to engage in a futile gesture if such person has actual notice that a person or

10   organization covered by this title does not intend to comply with its provisions." Pursuant to this

11   section, plaintiff CRAIG YATES has not returned to defendants' premises since on or about

12   May 6, 2010, but on information and belief, alleges that defendants have continued to violate the

13   law and deny the rights of plaintiff and of other persons with physical disabilities to access this

14   public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of

15   §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such

16   facilities readily accessible to and usable by individuals with disabilities to the extent required by

17   this title."

18   44.   Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights

19   Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

20   the Americans with Disabilities Act of 1990, including but not limited to an order granting

21   injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being

22   deemed to be the prevailing party.

23   **II.   SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS
       IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**

24   (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants GORDO
       TAQUERIA # 1, INC.; and DON WONG and MAR SHEE WONG, as Trustees of the

25   WAHONG BILL WONG BYPASS TRUST, under Declaration of Trust dated June 20,
       1997, inclusive)

26   (California Civil Code §§54, 54.1, 54.3, *et seq.*)

27   45.   Plaintiff repleads and incorporates by reference as if fully set forth again herein,

28   the allegations contained in paragraphs 1 through 44 of this complaint.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

16

46.    At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability. This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

47.    California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

48.    California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

///

///

///

///

///

///

///

1    49.    Plaintiff CRAIG YATES is a person within the meaning of Civil Code §54.1

2  whose rights have been infringed upon and violated by the defendants, and each of them, as

3  prescribed by Civil Code §§54 and 54.1.  Each specific architectural barrier which defendants

4  knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil

5  Code §§54 and 54.1.  Plaintiff has been and continue to be denied full and equal access to

6  defendants' GORDO TAQUERIA.  As a legal result, plaintiff is entitled to seek damages

7  pursuant to a court or jury determination, in accordance with California Civil Code §54.3(a) for

8  each day on which he visited or have been deterred from visiting the GORDO TAQUERIA

9  because of his knowledge and belief that the subject taqueria is inaccessible to persons with

10  disabilities.

11    California Civil Code §54.3(a) provides:

12          Any person or persons, firm or corporation, who denies or
            interferes with admittance to or enjoyment of the public facilities
13          as specified in Sections 54 and 54.1 or otherwise interferes with
            the rights of an individual with a disability under Sections 54, 54.1
14          and 54.2 is liable for each offense for the actual damages and any
            amount as may be determined by a jury, or the court sitting without
15          a jury, up to a maximum of three times the amount of actual
            damages but in no case less than . . .one thousand dollars ($1,000)
16          and . . . attorney's fees as may be determined by the court in
            addition thereto, suffered by any person denied any of the rights
17          provided in Sections 54, 54.1 and 54.2.

18          Civil Code §54.3(a)

19    50.    On or about March 24, 2010, April 17, 2010, May 1, 2010 May 6, 2010, plaintiff

20  CRAIG YATES suffered violations of Civil Code §§54 and 54.1 in that plaintiff CRAIG YATES

21  was denied access to the entrance and other public facilities as stated herein at the GORDO

22  TAQUERIA and on the basis that plaintiff CRAIG YATES was a person with physical

23  disabilities.

24    51.    As a result of the denial of equal access to defendants' facilities due to the acts

25  and omissions of defendants, and each of them, in owning, operating and maintaining these

26  subject public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not

27  limited to rights under Civil Code §§54, 54.1 and 54.3.

28    ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

18

1    52.    Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental

2    anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment

3    and worry, all of which are expectedly and naturally associated with a denial of access to a

4    person with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants'

5    actions and omissions to act constituted discrimination against plaintiff on the sole basis that

6    plaintiff is a person or an entity that represents persons with physical disabilities and unable,

7    because of the architectural barriers created and maintained by the defendants in violation of the

8    subject laws, to use the public facilities hereinabove described on a full and equal basis as other

9    persons.

10    53.    Plaintiff has been damaged by defendants', and each of their, wrongful conduct

11    and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiff's

12    rights as a person or an entity that represents persons with physical disabilities on or about

13    March 24, 2010, April 17, 2010, May 1, 2010 and May 6, 2010, and on a continuing basis since

14    then, including statutory damages, a trebling of all of actual damages, general and special

15    damages available pursuant to §54.3 of the Civil Code according to proof.

16    54.    As a result of defendants', and each of their, acts and omissions in this regard,

17    plaintiff has been required to incur legal expenses and hire attorneys in order to enforce

18    plaintiff's rights and enforce the provisions of the law protecting access for persons with physical

19    disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to

20    the provisions of Civil Code §54.3, plaintiff therefore will seek recovery in this lawsuit for all

21    reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally,

22    plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiff, but also

23    to compel the defendants to make their facilities accessible to all members of the public with

24    disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to

25    the provisions of §1021.5 of the Code of Civil Procedure.

26    55.    Plaintiff seeks injunctive relief for an order compelling defendants, and

27    each of them, to make the subject place of public accommodation readily accessible to and

28    usable by persons with disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

19

**III.  THIRD CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**

(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants GORDO TAQUERIA # 1, INC.; and DON WONG and MAR SHEE WONG, as Trustees of the WAHONG BILL WONG BYPASS TRUST, under Declaration of Trust dated June 20, 1997, inclusive)

(Civil Code §51, 51.5)

56.  Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 55 of this complaint.

57.  Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.
>
> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.
>
> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**
>
> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.
>
> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

///

///

///

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of defendants, and each of them.

58.    The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

> No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.
>
> As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.
>
> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

59.    Defendants' acts and omissions as specified have denied to the plaintiff full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section." Plaintiff accordingly incorporates the entirety of his above cause of action for violation of the Americans with Disabilities Act at §33, *et seq.*, as if repled herein.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

21

1    60.    As a further legal result of the actions and failure to act of defendants, and as a

2    legal result of the failure to provide proper handicapped-accessible public facilities as set forth

3    herein, plaintiff was denied his civil rights to full and equal access to public facilities.

4    61.    Further, plaintiff CRAIG YATES suffered mental distress, mental

5    suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger,

6    disappointment and worry, all of which are expectedly and naturally associated with a denial of

7    access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.

8    Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole

9    basis that plaintiff is a person or an entity that represents persons with physical disabilities and

10    unable, because of the architectural barriers created and maintained by the defendants in violation

11    of the subject laws, to use the public facilities hereinabove described on a full and equal basis as

12    other persons.

13    62.    Plaintiff CRAIG YATES is entitled to the rights and remedies of §52(a)

14    of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to

15    mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is

16    allowed by statute, according to proof if deemed to be the prevailing party.

17    ///

18    ///

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

1 **PRAYER:**

2      Plaintiff prays that this court award damages and provide relief as follows:

3 **I.      PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A**
        **PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
4      **DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
        (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants GORDO
5      TAQUERIA # 1, INC.; and DON WONG and MAR SHEE WONG, as Trustees of the
        WAHONG BILL WONG BYPASS TRUST, under Declaration of Trust dated June 20,
6      1997, inclusive)
        (42 U.S.C. §12101, *et seq.*)
7

8      1.      For injunctive relief, compelling defendants GORDO TAQUERIA # 1, INC.; and

9 DON WONG and MAR SHEE WONG, as Trustees of the WAHONG BILL WONG BYPASS

10 TRUST, under Declaration of Trust dated June 20, 1997, inclusive, to make the GORDO

11 TAQUERIA, located at 2252 Clement Street, San Francisco, California, readily accessible to and

12 usable by individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable

13 modifications in policies, practice, eligibility criteria and procedures so as to afford full access to

14 the goods, services, facilities, privileges, advantages and accommodations being offered.

15      2.      For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the

16 prevailing party; and

17      3.      For such other and further relief as the court may deem proper.

18 **II.      PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND**
        **EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1**
19      **AND 54.3, *ET SEO.***
        (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants GORDO
20      TAQUERIA # 1, INC.; and DON WONG and MAR SHEE WONG, as Trustees of the
        WAHONG BILL WONG BYPASS TRUST, under Declaration of Trust dated June 20,
21      1997, inclusive)

22      (California Civil Code §§54, 54.1, 54.3, *et seq.*)

23      1.      For injunctive relief, compelling defendants GORDO TAQUERIA # 1, INC.; and

24 DON WONG and MAR SHEE WONG, as Trustees of the WAHONG BILL WONG BYPASS

25 TRUST, under Declaration of Trust dated June 20, 1997, inclusive, to make the GORDO

26 TAQUERIA, located at 2252 Clement Street, San Francisco California, readily accessible to and

27 usable by individuals with disabilities, per state law.

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1       2.      Statutory damages as afforded by Civil Code §54.3 for the date of incident and for

2 each occasion on which plaintiff was deterred from returning to the subject public

3 accommodation.

4       3.      Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure

5 §1021.5, if plaintiffs are deemed the prevailing party;

6       4.      Treble damages pursuant to Civil Code §54.3;

7       5.      General damages according to proof;

8       6.      For all costs of suit;

9       7.      Prejudgment interest pursuant to Civil Code §3291; and

10       8.      Such other and further relief as the court may deem just and proper.

11 **III.**   **PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESS TO**

12 **FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**

13 (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants GORDO TAQUERIA # 1, INC.; and DON WONG and MAR SHEE WONG, as Trustees of the

14 WAHONG BILL WONG BYPASS TRUST, under Declaration of Trust dated June 20, 1997, inclusive)

15 (California Civil Code §§51, 51.5, *et seq.*)

16       1.      All statutory damages as afforded by Civil Code §52(a) for the date of incident

17 and for each occasion on which plaintiff was deterred from returning to the subject public

18 accommodation;

19       2.      Attorneys' fees pursuant to Civil Code §52(a), if plaintiff is deemed the prevailing

20 party;

21       3.      General damages according to proof;

22       4.      Treble damages pursuant to Civil Code §52(a);

23       5.      For all costs of suit;

24 ///

25 ///

26 ///

27 ///

28 ///

6.      Prejudgment interest pursuant to Civil Code §3291; and

7.      Such other and further relief as the court may deem just and proper.

Dated: _____5/12/16_____, 2010      THOMAS E. FRANKOVICH,
                                    *A PROFESSIONAL LAW CORPORATION*


                              By: _____
                                    THOMAS E. FRANKOVICH
                                    Attorneys for Plaintiff CRAIG YATES, an individual

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: _____5/12/16_____, 2010      THOMAS E. FRANKOVICH,
                                    *A PROFESSIONAL LAW CORPORATION*


                              By: _____
                                    THOMAS E. FRANKOVICH
                                    Attorneys for Plaintiff CRAIG YATES, an individual

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

25

Recycled   Stock # R DOA-10-B

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

April 21, 2010

Owner of the Building
Gordo Taqueria
2252 Clement Street
San Francisco, CA 94121

Dear Owner of Building for Gordo Taqueria:

Recently, I visited Gordo Taqueria, and I couldn't get in. You see, I use a wheelchair and there is a step to get in. Wheelchair users like myself, simply can't get in.

Is there a way to do a curb cut in or a permanent ramp, maybe another entrance? Maybe what you need to get is a portable light aluminum ramp, install a buzzer and a sign for use by the disabled. For every 1" of step up, you need 1ft. of ramp. So, if your step is 5" high, you need a 5ft. ramp. If it's 8" high, you need a 8ft. ramp. The sign should say something like: "Press buzzer for ramp assistance." Maybe make it 11" x 17" with the wheelchair symbol in white and blue background. You've seen those signs, haven't you?

A place that sells ramps is Prairie View Industries, Inc. at 800-554-7267. There are other places to get a ramp from but here is a start.

I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing! If you both put your hands and heads together, I know the two of you can fix this problem.

Remember, wheelchair users have an old saying: "Access delayed is Access denied!" You understand, right? Anyway, please write me when you get this letter and make me a promise that you will take care of this right away. Give me a date. If you are not the one in charge or don't have the responsibility to do it, would you make sure this letter goes to the person in charge or who can make decisions on what to do. Thanks!

Sincerely,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

April 21, 2010

Manager
Gordo Taqueria
2252 Clement Street
San Francisco, CA 94121

Dear Manager for Gordo Taqueria:

Recently, I visited Gordo Taqueria, and I couldn't get in. You see, I use a wheelchair and there is a step to get in. Wheelchair users like myself, simply can't get in.

Is there a way to do a curb cut in or a permanent ramp, maybe another entrance? Maybe what you need to get is a portable light aluminum ramp, install a buzzer and a sign for use by the disabled. For every 1" of step up, you need 1ft. of ramp. So, if your step is 5" high, you need a 5ft. ramp. If it's 8" high, you need a 8ft. ramp. The sign should say something like: "Press buzzer for ramp assistance." Maybe make it 11" x 17" with the wheelchair symbol in white and blue background. You've seen those signs, haven't you?

A place that sells ramps is Prairie View Industries, Inc. at 800-554-7267. There are other places to get a ramp from but here is a start.

I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing! If you both put your hands and heads together, I know the two of you can fix this problem.

Remember, wheelchair users have an old saying: "Access delayed is Access denied!" You understand, right? Anyway, please write me when you get this letter and make me a promise that you will take care of this right away. Give me a date. If you are not the one in charge or don't have the responsibility to do it, would you make sure this letter goes to the person in charge or who can make decisions on what to do. Thanks!

Sincerely,

Craig Yates